IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| L&N BRIDGE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-00287-DES |
| | ) |
| ENERGETIC SERVICES, LLC, | ) |
| AUSTIN POWDER COMPANY, | ) |
| TERPO SEISMOGRAPHIC SERVICES, | ) |
| INC., and ADMIRAL INDEMNITY COMPANY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Admiral Indemnity Company's ("Admiral") Rule 12(b)(6) Motion to Dismiss this action against Admiral for failure to state a claim upon which relief can be granted. (Docket No. 7). Plaintiff initiated this action on April 23, 2023, by filing a Petition in the District Court of Bryan County. (Docket 2-1). Defendants Energetic Services, LLC and Admiral removed this action to this Court by a Joint Notice of Removal filed August 31, 2023. (Docket No. 2). For the reasons set forth below, Admiral's Motion to Dismiss is hereby DENIED.

I.   **Background**

In 2019, the Oklahoma Department of Transportation ("ODOT") retained Plaintiff, L&N Bridge, LLC ("L&N) to build a new bridge next to an existing bridge over the Red River and to then demolish the old bridge. (Docket No. 7-1). L&N contracted with Defendants Energetic Services, LLC, Austin Powder Company, and Terpo Seismographic Services, Inc. to demolish the old bridge once the new bridge construction was complete. *Id.* Defendant Energetic Services, LLC ("Energetic") is in the dynamite contracting business and is insured by Admiral. *Id.* Upon

1

completion of the project, ODOT complained to L&N that part of the new bridge looked defective or damaged which caused L&N to install a new beam at a cost of over $500,000. *Id.* L&N contends that the demolition of the old bridge caused damage to the new bridge and brought this lawsuit against the companies involved in the demolition to recover the costs of repairing the new bridge. *Id.* Admiral brings this Motion to Dismiss for L&N's inclusion of it as a Defendant to the litigation, arguing that Oklahoma is a "no direct action" jurisdiction where it is improper for a plaintiff to sue a liability insurer with which a plaintiff has no privity. *Id.* For the reasons set forth below, the Court disagrees.

II.     Analysis

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the U.S. Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard that held to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id* at 555 (quotation omitted).

The Petition filed in state court alleges that on September 18, 2020, L&N entered into a written subcontract ("Subcontract") with Energetic which included a term and condition that Energetic was required to procure, pay for, and maintain comprehensive general liability coverages

naming ODOT and L&N as additional insureds. (Docket No. 2-1 at 2). Based on this Subcontract, L&N received a certificate of insurance from Energetic showing coverage through Admiral and confirming that L&N was an additional insured. *Id.* at 3. The Petition goes on to allege that following ODOT's inspection of the new bridge and the discovery of damage to a new beam, it was determined the beam had been damaged by flying debris resulting from Energetic's demolition work. *Id.* Based on this, L&N issued a formal notice to Energetic and Admiral and subsequently sent an invoice to Admiral detailing the costs/damages incurred for removing and replacing the beam. *Id.* at 4. However, Admiral responded to L&N by advising that it questioned Energetic's liability and would continue to review the costs incurred for "reasonability." *Id.* As a result, L&N alleged breach of contract against Admiral for its failure and refusal to protect the interests of L&N as its additional insured under the policy issued to Energetic. *Id.* at 6. All of these facts, taken as true at this stage, are sufficient to state a claim for which relief is plausible on its face.

Admiral claims in its Motion to Dismiss that under 15 O.S. § 221(B) any provision in a construction agreement that requires an entity or that entity's insurer to indemnify, insure, defend or hold harmless another entity against liability for damage to property which arises out of the negligence or fault of the indemnitee, its agents, or subcontractors is void and unenforceable. (*See* Docket No. 7). Therefore, even if there was a written subcontract agreement, Admiral argues this agreement is unenforceable under Oklahoma Law. (Docket No. 7 at 8). Furthermore, Admiral argues that while 15 O.S. § 221(C) may allow for indemnity provisions in construction agreements, it does not provide an exception for allowing insurance coverage or the duty of Admiral to defend. *Id.* at 9-11.

L&N argues that its claims in this case arise under 15 O.S. § 221 (C). "The language of the Subcontract complies with the exception provided in § 221(C). The indemnification provision of

3

the Subcontract requires Energetic to indemnify L&N from all damages 'as a result of the SUBCONTRACTOR'S aforesaid negligence, breach of contract or action or inaction.'" (Docket No. 18 at 6). Thus, L&N claims the indemnification does not seek to hold Energetic liable for negligence/breach of contract beyond that which is attributable to Energetic's own actions. In other words, L&N seeks damages based on its vicarious liability for Energetic's alleged negligence/breach of contract. In support of this, L&N cites *JP Energy Marketing, LLC v. Commerce & Industry Insurance Co.*, where the Court of Civil Appeals of Oklahoma held that a general contractor who is a named insured under the terms of a subcontractor's insurance policy, is owed a duty of indemnification and defense by the subcontractor's insurer where the duty to defend is triggered by claims underlying the litigation that allege harm arising from the subcontractor/indemnitor's own negligence seeking to hold a general contractor vicariously liable. 2018 OK CIV APP 14, ¶¶ 36-37, 412 P.3d 121, 131-32. (Docket No. 18 at 7).  Like in the *JP Energy* case, L&N has plead that it has been held vicariously liable for Energetic's negligent blasting activities and incurred in excess of $500,000, for which it is seek indemnification under Energetic's commercial general liability policy. Taking the allegations pled as true, L&N has stated a claim for which relief is plausible on its face.

Furthermore L&N argues that under the facts alleged, § 221(D) is also applicable. (Docket No. 18 at 8). L&N argues, "according to the plain language of the statute, which includes 'owners' and contractors' protective liability insurance, project management protective liability insurance, or builder's risk insurance' . . . a subcontractor's commercial general liability ("CGL") policy would fall under 'protective liability insurance.'" *Id.*  Here, L&N alleges the Subcontract required Energetic to purchase CGL coverage with project-specific limits that named L&N as an additional insured under the policy for which L&N subsequently received a certificate of insurance from

4

Energetic reflecting CGL coverage through Admiral. *Id.* These facts, taken as true are sufficient to state a claim for which relief is plausible on its face. Accordingly, Admiral's Motion to Dismiss is denied.

### III. Conclusion

Despite Admiral's argument that it is not a proper Defendant as Oklahoma does not permit direct actions against "one's opponent's insurer" (Docket No. 19 at 11), the allegations plead by L&N in its petition are sufficient, at this time, to establish that L&N was an insured on the Admiral insurance policy which was required for this specific project with ODOT. While facts may arise that disprove or undercut the allegations contained in the Petition, at this time in the litigation, Plaintiff have stated a claim for which relief is plausible on its face.

IT IS THEREFORE ORDERED that Defendant Admiral Indemnity Company's Rule 12(b)(6) Motion to Dismiss is hereby **DENIED.**

IT IS SO ORDERED this 17th day of July, 2024.

_____
D. Edward Snow
United States Magistrate Judge